UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARION DOWNES,** by her attorney-in-fact **MICHAEL DOWNES,** on behalf of herself and of all others similarly situated,<br><br>Plaintiffs,<br><br>-v.-<br><br>**KEVIN M. MCGUIRE,** in his official capacity as Commissioner, Westchester County Department of Social Services,<br><br>Defendant. | Civil Action No.<br><br>19 CV _____<br><br>**(Class Action)**<br><br>COMPLAINT |

## INTRODUCTION

1. Marion Downes ("Ms. Downes") is 84 years old and suffers numerous medical conditions, including essential thrombocytosis, for which she requires long-term medical care.

2. Ms. Downes, through her attorney-in-fact Michael Downes, brings this action because Defendant Kevin M. McGuire ("McGuire"), in his official capacity as the Commissioner of the Westchester County Department of Social Services ("WDSS"), has failed, for more than forty-five (45) days, to render a decision on Ms. Downes's Medicaid application for eligibility, in violation of federal law, although she is applying for Medicaid on a basis other than disability and on information and belief she is eligible for Medicaid

3. The failure of McGuire, no later than forty-five (45) days from the date Ms. Downes submitted her Medicaid application to issue a decision on whether Ms. Downes is eligible for Medicaid violates 42 U.S.C. § 1983 in that it violates 42 U.S.C. § 1396a(a)(8) and 42 C.F.R. § 435.912(c)(3).  That failure also violates 42 U.S.C. § 1983 in that it violates 42 U.S.C. § 1396a(a)(8) and 42 C.F.R. § 435.930(a) because McGuire's procedures caused the

{741767:}

violation of Ms. Downes's right to receive Medicaid within a reasonable time, promptly without any delay.

4. Upon information and belief, it is McGuire's policy and/or practice to fail to render decisions on Medicaid eligibility within 45 days for persons applying for Medicaid on a basis other than disability, and within 90 days for persons for persons applying for Medicaid on the basis of disability.

5. Accordingly, Ms. Downes is bringing the instant action on behalf of herself and a class and subclass of similarly situated persons.

## JURISDICTION

6. This Court has jurisdiction of this action under 28 U.S.C. § 1331.

## VENUE

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

8. Ms. Downes is a Westchester resident who resides in Cortlandt, New York.

9. McGuire is Commissioner of WDSS and is responsible for determining Medicaid eligibility for Medicaid applicants in Westchester County; that is, whether the applicants meet the financial and personal eligibility criteria for Medicaid. McGuire has an office in the Southern District of New York located at 112 East Post Road, White Plains, New York 10601.

## STATUTORY AND REGULATORY BACKGROUND

10. Medicaid, established under Title XIX of the Social Security Act, is a joint federal/state program that provides medical assistance to financially needy persons who are aged 65 or over, blind, disabled, or members of families with dependent children. 42 U.S.C. § 1396 et seq.; 42 C.F.R. § 430 et seq. As a condition of receiving federal reimbursement for part of its Medicaid expenditures, each state Medicaid program must meet various conditions of

participation set forth in the federal Medicaid laws and regulations. 42 U.S.C. § 1396a et seq., 42 C.F.R. § 431.40 et seq.

11. Each state must have a single state agency to oversee the program. In New York, that agency is the New York State Department of Health ("DOH"). DOH administers the program statewide through a system of county agencies, known as local Departments of Social Services ("LDSSs"), of which WDSS is one. DOH must ensure that these LDSSs follow all required procedures for assessing Medicaid eligibility in a timely and accurate fashion.

12. In pertinent part, 42 U.S.C. § 1396a(a)(8) requires that a State that participates in the Medicaid program must "provide that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals."

13. 42 C.F.R. § 435.912(c)(3), which fleshes out the requirements of 42 U.S.C. § 1396a(a)(8), requires that Medicaid eligibility determinations for Medicaid applicants to be rendered within 90 days of the submission of applications for Medicaid for persons applying on the basis of disability, and within 45 days for persons applying on a basis other than disability.

14. 42 C.F.R. § 435.930(a), which also fleshes out the requirements of 42 U.S.C. § 1396a(a)(8), requires Medicaid assistance to be furnished "promptly, without any delay caused by the agency's administrative procedures."

## FACTS

### Ms. Downes

15. Ms. Downes is 84 years old and suffers numerous medical conditions, including essential thrombocytosis, for which she requires long-term medical care.

16. On October 11, 2019, Ms. Downes sent a Medicaid application to WDSS, which WDSS received on October 15, 2019, requesting that she be determined financially and

categorically eligible for Medicaid long-term care benefits.

17. As of the date of the instant Complaint, more than 45 days have passed since WDSS received Ms. Downes application.

18. Upon information and belief, McGuire has a backlog of undecided Medicaid applications of six to nine months.

19. Upon information and belief, McGuire has a policy and/or practice of letting this backlog go unaddressed, thereby failing to render Medicaid eligibility decisions on applications for Medicaid services within 90 days of the submission of applications for Medicaid for persons applying on the basis of disability, and within 45 days of the submission of applications for Medicaid for persons applying on a basis other that disability.

20. Accordingly, Ms. Downes is bringing the instant action on behalf of herself and a class and subclass of similarly situated persons.

## CLASS ALLEGATIONS

21. Ms. Downes brings this class action on behalf of herself and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

22. Ms. Downes seeks to represent the following class of persons (hereinafter "the Class") defined as follows:

All current and future Westchester County Medicaid applicants who have applied or will apply for Medicaid, for whom McGuire has not rendered or will not render Medicaid eligibility decisions within 90 days of the submission of the Medicaid applications for persons who apply based on disability, and within 45 days of the submission of the Medicaid applications for persons who apply on a basis other than disability.

23. Ms. Downes seeks to represent the following Subclass of persons (hereinafter "the Subclass") defined as follows:

4

All current and future Westchester County Medicaid applicants who have applied or will apply for Medicaid, for whom McGuire has not rendered or will not render Medicaid eligibility decisions within 45 days of the submission of the Medicaid applications for persons who apply on a basis other than disability.

24.  Upon information and belief, there are hundreds, if not thousands of persons in Westchester County who are members of the Class.

25.  Upon information and belief, there are hundreds, if not thousands of persons in Westchester County who are members of the Subclass.

26.  There are questions of fact and law common to the of the Class, including, but not limited to, whether McGuire's policy and/or practice of failing to render Medicaid eligibility decisions on applications for Medicaid-funded services within 90 days of the submission of the Medicaid applications for persons who apply based on disability, and within 45 days of the submission of the Medicaid applications for persons who apply on a basis other than disability (i) violates 42 U.S.C. § 1983 in that it violates 42 U.S.C. 1396a(a)(8), 42 C.F.R. § 435.912(c)(3) and/or 42 C.F.R. 435.930(a); and (ii) the remedies available to members of the Class.

27.  There are questions of fact and law common to the of the Subclass, including, but not limited to, whether McGuire's policy and/or practice of failing to render Medicaid eligibility decisions on applications for Medicaid-funded services within 45 days for persons who on a basis other than disability (i) violates 42 U.S.C. § 1983 in that it violates 42 U.S.C. 1396a(a)(8), 42 C.F.R. § 435.912(c)(3) and/or 42 C.F.R. 435.930(a); and (ii) the remedies available to members of the Subclass.

28.  The claims of Ms. Downes are typical of the claims of the Class, and Ms. Downes will adequately represent the interests of the Class.  There is no conflict of interest among Ms.

Downes and the members of the Class. All members of the Class would benefit by a judgment requiring McGuire to take all actions necessary so that Medicaid eligibility decisions may be rendered within 90 days of the submission of the Medicaid applications for persons who apply based on disability, and within 45 days of the submission of the Medicaid applications for persons who apply on a basis other than disability.

29. The claims of Ms. Downes are typical of the claims of the Subclass, and Ms. Downes will adequately represent the interests of the Subclass. There is no conflict of interest among Ms. Downes and the members of the Subclass. All members of the Subclass would benefit by a judgment requiring McGuire to take all actions necessary so that Medicaid eligibility decisions may be rendered within 45 days of the submission of the Medicaid applications for persons who apply on a basis other than disability.

30. Ms. Downes is represented by counsel experienced in federal and state court actions concerning Medicaid benefits and in class actions.

31. McGuire has acted or refused to act on grounds applicable to members of the Class as a whole, namely by failing to take actions necessary so that decisions on Medicaid eligibility may be rendered timely, that is, within 90 days of the submission of the Medicaid applications for persons who apply based on disability, and within 45 days of the submission of the Medicaid applications for persons who apply on a basis other than disability. McGuire's failures violate and will violate 42 U.S.C. § 1983 in that they violate and will violate 42 U.S.C. § 1396a(a)(8), 42 C.F.R. § 435.912(c)(3) and/or 42 C.F.R. § 435.930(a). Accordingly, injunctive relief and corresponding declaratory relief are appropriate.

32. McGuire has acted or refused to act on grounds applicable to members of the Subclass as a whole, namely by failing to take actions necessary so that decisions on Medicaid eligibility may be rendered within 45 days of the submission of the Medicaid applications for

persons for persons who apply on a basis other than disability.  McGuire's failures violate and will violate 42 U.S.C. § 1983 in that they violate and will violate 42 U.S.C. § 1396a(a)(8), 42 C.F.R. § 435.912(c)(3) and/or 42 C.F.R. § 435.930(a).  Accordingly, injunctive relief and corresponding declaratory relief are appropriate.

### AS AND FOR A FIRST CAUSE OF ACTION

33. Ms. Downes repeats and realleges all of the allegations set forth in all of the above paragraphs as though fully set forth herein.

34. By virtue of the foregoing, McGuire has violated and will violate 42 U.S.C. § 1983 in that he has violated and will violate the rights of Ms. Downes and the Class under 42 U.S.C. 1396a(a)(8), 42 C.F.R. § 435.912(c)(3), and/or 42 C.F.R. § 435.930(a).

### AS AND FOR A SECOND CAUSE OF ACTION

35. Ms. Downes repeats and realleges all of the allegations set forth in all of the above paragraphs as though fully set forth herein.

36. By virtue of the foregoing, McGuire has violated and will violate 42 U.S.C. § 1983 in that he has violated and will violate the rights of Ms. Downes and the Subclass under 42 U.S.C. 1396a(a)(8), 42 C.F.R. § 435.912(c)(3), and/or 42 C.F.R. § 435.930(a).

WHEREFORE, Ms. Downes and the members of the Class and the Subclass pray for a judgment:

A. Certifying the Class and the Subclass, appointing Ms. Downes as the representative of the Class and the Subclass and appointing Ms. Downes's attorneys as counsel for the Class and the Subclass;

B. Declaring that McGuire's policy and/or practice of failing to render Medicaid eligibility decisions on applications for Medicaid services within 90 days of the submission of applications for Medicaid for persons applying on the basis of disability, and within 45 days of

the submission of applications for Medicaid for persons applying on a basis other than disability, is illegal, null and void;

   C. Ordering McGuire to render Medicaid eligibility decisions on the Class members' applications for Medicaid within 90 days of the submission of applications for Medicaid for persons applying on the basis of disability, and within 45 days of the submission of applications for Medicaid for persons applying on a basis other than disability;

   D. Ordering McGuire to render Medicaid eligibility decisions on the Subclass members' applications for Medicaid within 45 days of the submission of their Medicaid applications;

   E. Ordering McGuire to pay reasonable attorneys' fees, expenses and costs of this action for the attorneys for Ms. Downs, the Class members and the Subclass members pursuant to 42 U.S.C. § 1988;

   F. Ordering McGuire to pay reasonable attorneys' fees, expenses and costs of this action for the attorneys for Ms. Downes, the Class members, and the Subclass members pursuant to New York's Equal Access to Justice Act, CPLR § 8601 et. seq.; and

   J. Ordering such further and other relief as this Court shall deem just and proper.

Dated: White Plains, New York
   December 9, 2019

                **BELLIN & ASSOCIATES LLC**

                /s/ Aytan Y. Bellin
                By: Aytan Y. Bellin, Esq. (AB0123)
                50 Main Street, Suite 1000
                White Plains, New York 10606
                Tel:  (914) 358-5345-2400
                Fax: (212) 571-0284
                aytan.bellin@bellinlaw.com

                NINA KEILIN

225 Broadway, Suite 2100
New York, New York 10007
212-302-7760
Fax: 929-214-4174
Ninakeilin@aol.com

*Attorneys for Ms. Downes, and the Proposed Class and Subclass*